UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWN BOLOGNA,

    Plaintiff,                              CIVIL ACTION NO. 07-13233

v.                                        DISTRICT JUDGE JOHN CORBETT O'MEARA

                                          MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

\* \* \*

Plaintiff filed an application for Social Security disability insurance benefits on March 13, 2003, alleging that she had been disabled and unable to work since October 25, 2002, at age 45, due to fibromyalgia, migraine headaches, sleep dysfunction, back pain and emotional difficulties. Benefits were denied, initially and upon reconsideration, by the Social Security Administration (SSA). A requested de novo hearing was held on June 1, 2005, before Administrative Law Judge (ALJ) Henry Perez, Jr. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of light work. The Law Judge determined that Plaintiff was limited to simple job assignments with routine production demands and average stress.

The ALJ further restricted her to jobs that did not require her to frequently climb, stoop, crouch, balance, kneel, crawl or perform fine manual manipulations. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 48 years old at the time of the hearing. She had been graduated from high school, and had been employed in a variety of clerical and secretarial positions during the relevant past (TR 73, 518). As a secretary, Plaintiff alternated between sitting and standing for most of the workday. She constantly had to handle, grip and manipulate large and small objects. She lifted up to 10 pounds on a regular basis (TR 74).

Claimant stopped working in January 2003, due to fibromyalgia, migraine headaches, back pain, balance problems and numbness in her hands and feet (TR 520). She testified that periodic flare-ups of fibromyalgia prevented her from handling objects and remaining on her feet for prolonged periods (TR 528). Plaintiff explained that she was extremely limited in her ability to sit, stand, walk, lift or use her hands (TR 529, 534). Claimant estimated that she could sit for 60 minutes, stand 3 minutes, walk only short distances and lift about five pounds (TR 534). She added that she frequently needed to lie down to get any pain relief (TR 530). Plaintiff stated that she had trouble performing household chores, and that she had to rest between activities (TR 530-531). Other impairments which the claimant said prevented her from returning to work included depression and a poor memory (TR 531-532).

A Vocational Expert, Michael Rosko, classified Plaintiff's past work as light, semi-skilled activity (TR 538). The witness testified that there would be no jobs that claimant could perform if her testimony were found to be fully credible[1] (TR 541). If she were capable of light work, there were numerous unskilled inspection, gate attendant, security guard, simple assembly and packaging jobs that Plaintiff could perform with minimal vocational adjustment (TR 540-541). These jobs did not require her to frequently climb, stoop, crouch, balance, kneel, crawl or perform fine manual manipulations. They involved simple, routine tasks, were not considered stressful, and did not involve lifting more than 20 pounds (TR 539).

LAW JUDGE'S DETERMINATION

The Law Judge found that Plaintiff was impaired during the relevant past as a result of fibromyalgia, a muscle ligament disorder, migraine headaches, sleep dysfunction, back pain and emotional difficulties, but that these impairments were not severe enough to meet the Listing of Impairments. The ALJ recognized that the claimant's was restricted to simple, routine tasks. The Law Judge limited claimant to jobs that did not require her to frequently climb, stoop, crouch, balance, kneel, crawl or perform fine manual manipulations. The jobs were not considered fast paced or stressful. Judge Perez determined that the claimant retained the residual functional capacity to perform a reduced range of light work within those limitations, as identified by the Vocational Expert.

---

[1] The witness explained that Plaintiff's alleged inability to concentrate in order to complete tasks in a timely manner would preclude all work activity (TR 541-542).

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff contends that her multiple joint pain and depression were severe enough to preclude her from all work activity. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents her from returning to her previous work or any other substantial, gainful activity existing in the national economy, considering her

4

age, education and work experience.  42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 404.1505 (2007).

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work. The medical evidence, as a whole, failed to provide objective support for Plaintiff's allegations of severe and totally disabling joint pain and functional limitations stemming from her mental depression.

The medical record contained little objective medical basis for crediting Plaintiff's complaints of disabling symptoms related to fibromyalgia. Claimant was diagnosed with fibromyalgia in the 1990's after complaining of aches and pains throughout her entire body (TR 266, 269-270).  By March 2003, however, the condition was under good control with the help of medications (TR 281-283).  Dr. Frank Pollina, a treating physician, reported on March 12, 2003, that Plaintiff was back to her normal functional level (TR 281).  Dr. Haranath Policherla, a treating neurologist, did not even list fibromyalgia among claimant's ailments in two reports submitted in April and May 2005 (TR 452-454).

While Plaintiff was treated for both migraine and tension headaches, she told Dr. Policherla that she obtained pain relief after being prescribed the drug Mexalt (TR 452). Even though medication and physical therapy reportedly helped alleviate her neck pain (TR 478-479), Plaintiff resisted the neurologist's recommendation that she pursue additional physical therapy (TR 452).  After undergoing two surgeries on her right wrist for treatment of carpal tunnel syndrome (TR 408-409), claimant enjoyed normal muscle power in her upper extremities (TR 322).  The ALJ reasonably accounted for claimant's periodic joint

pain by restricting her to slow paced sedentary work that did not require her to frequently climb, stoop, crouch, balance, kneel, crawl or perform fine manual manipulations.

Plaintiff sought treatment for depression and marital problems from August 2001 through July 2003 (TR 434-449). A consultative psychiatric evaluation by Dr. F.N. Leung on July 28, 2003, noted that claimant's mental status was essentially unremarkable (TR 447-448). Claimant's depression caused some memory problems, but her judgment, thought process and ability to calculate were not impaired (TR 449). The ALJ took into account Plaintiff's periodic depression and restricted her to simple job assignments with routine production demands and average stress (TR 23).

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with her significant impairments[2], the Vocational Expert testified that there were numerous unskilled inspection, gate attendant, security guard, simple assembly and packaging jobs that Plaintiff could perform with minimal vocational adjustment (TR 540-541). These jobs

---

[2]The Administrative Law Judge's hypothetical questions to the Vocational Expert (VE) accurately described Plaintiff's moderate limitations caused by her joint pain and emotional difficulties. The ALJ reasonably determined that claimant's periodic depression limited her to low stress, simple, routine jobs (TR 351-352). The Sixth Circuit has held that hypothetical questions to experts are not required to included lists of claimant's medical conditions. Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

did not require her to frequently climb, stoop, crouch, balance, kneel, crawl or perform fine manual manipulations. They involved simple, routine tasks, were not considered stressful, and did not involve lifting more than 20 pounds on occasion (TR 539). Given the objective clinical findings of the examining physicians of record during the relevant period, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                    s/Donald A. Scheer
                                                    DONALD A. SCHEER
                                                    UNITED STATES MAGISTRATE JUDGE

DATED: March 26, 2008

_____

## CERTIFICATE OF SERVICE

I hereby certify on March 26, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on March 26, 2008. **None.**

                                                    s/Michael E. Lang
                                                    Deputy Clerk to
                                                    Magistrate Judge Donald A. Scheer
                                                    (313) 234-5217